IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAPTIVE DATA LLC,<br><br>    Plaintiff,<br><br> v.<br><br>ALIPH, INC. D/B/A/ JAWBONE,<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Adaptive Data LLC (hereafter "Adaptive Data"), Plaintiff, brings this action against Aliph, Inc. d/b/a/ Jawbone (hereafter "Defendant"), and alleges that:

## PARTIES

1. Plaintiff Adaptive Data is a limited liability company organized and doing business under the laws of Nevada.

2. Upon information and belief, Aliph, Inc. d/b/a/ Jawbone is a corporation organized and existing under the laws of the California, with a place of business at 99 Rhode Island Street, 3rd Floor, San Francisco, CA 94103.  Upon information and belief, Defendant Aliph, Inc. d/b/a/ Jawbone sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Defendant since, on information and belief, Defendant has regularly and systematically transacted business in this Judicial District, directly or through intermediaries, and/or committed acts of infringement in this Judicial District. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being hailed into court in this Judicial District; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

6.  Venue in this district over Defendant is proper under 28 U.S.C. § 1391(c) and (d) and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

**BACKGROUND**

7.  On August 22, 2000, United States Patent No. 6,108,347 (hereafter "the '347 Patent") was duly and legally issued to Kurt E. Holmquist, as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the '347 Patent, which is entitled "Non-Polled Dynamic Slot Time Allocation Protocol," is attached hereto as Exhibit A.

8.  On June 5, 2001, United States Patent No. 6,243,391 (hereafter "the '391 Patent") was duly and legally issued to Kurt E. Holmquist, as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the '391 Patent, which is entitled "Non-Polled Dynamic Slot Time Allocation Protocol," is attached hereto as Exhibit B.

- 3 -

9. All rights, title and interest in and to the '347 Patent and '391 Patent have been assigned to Adaptive Data, Plaintiff herein, the current holder of the '347 Patent and '391 Patent.

## COUNT I - INFRINGEMENT OF THE '347 PATENT

10. Adaptive Data re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 9 above.

11. Upon information and belief, Defendant directly infringes the '347 Patent in violation of 35 U.S.C. § 271(a) by offering to sell, selling, and importing, Bluetooth-enabled devices in and into the United States in a manner that infringes the '347 Patent.

12. Defendant has had knowledge of the infringement of the '347 patent since at least the filing of this complaint. Upon information and belief, Defendant has continued to sell the products that practice the '347 patent after acquiring knowledge of the infringement.

13. Adaptive Data is entitled to recover from Defendant damages as a result of Defendant's acts of infringement of the '347 Patent in an amount subject to proof at trial.

## COUNT II - INFRINGEMENT OF THE '391 PATENT

14. Adaptive Data re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 13 above.

15. Upon information and belief, Defendant directly infringes the '391 Patent in violation of 35 U.S.C. § 271(a) by offering to sell, selling, and importing, Bluetooth-enabled devices in and into the United States in a manner that infringes the '391 Patent.

16. Defendant has had knowledge of the infringement of the '391 Patent since at least the filing of this complaint. Upon information and belief, Defendant has continued to sell the products that practice the '391 Patent after acquiring knowledge of the infringement.

17. Adaptive Data is entitled to recover from Defendant damages as a result of

Defendant's acts of infringement of the '391 Patent in an amount subject to proof at trial.

## PRAYER AND RELIEF

WHEREFORE, Adaptive Data prays for judgment against Defendant and for the following relief:

A. a judgment declaring that Defendant, its officers, agents, servants, employees and attorney, and those persons in active concert or participation with them, infringe and have infringed the patents asserted above;

B. award Adaptive Data of damages ascertained against Defendant with interest and costs thereon;

C. award Adaptive Data its reasonable attorney fees and costs; and

D. such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Adaptive Data demands a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted,

DATED:  December 31, 2014                STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
   *stamoulis@swdelaw.com*
Richard C. Weinblatt #5080
   *weinblatt@swdelaw.com*
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Adaptive Data LLC*